Opinion issued July 3, 2002

 







In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00329-CV






JON A. POTCINSKE, Appellant


V.


MCDONALD PROPERTY INVESTMENTS, LTD. AND MCDONALD
PROPERTY MANAGEMENT, Appellees






On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 2000-31182






O P I N I O N

 According to information provided by the trial court clerk, this is an appeal
from an order signed on December 13, 2001granting appellees' motion for summary
judgment. It appears that appellant filed a timely motion for new trial on January 12,
2002, but filed his notice of appeal on March 25, 2002, 12 days late. See Tex. R.
App. P. 26.1(a)(1). Appellant has filed a motion to extend time to file notice of
appeal, which is still pending before this Court. See Tex. R. App. P. 26.3. The clerk's
record is past due. The Court has also been advised that a new trial was granted on
March 26, 2002. (1)

 On May 16, 2002, the Court issued an order stating, in pertinent part, that, a
new trial having apparently been granted while the trial court retained plenary
jurisdiction, this Court had no jurisdiction to entertain the appeal; therefore, unless
within 15 days of the date of the order, appellant filed a motion to retain
demonstrating by citation to the law that this Court still had jurisdiction of the appeal,
the appeal would be dismissed for want of jurisdiction.

 No motion to retain has been filed. Appellant has not responded to this Court's
order of May 16, 2002.

 Accordingly, the appeal is dismissed for want of jurisdiction for the reasons set
forth in this Court's order of May 16, 2002. All pending motions are denied as moot.

 Appellant is ordered to pay the appellate filing fee of $125 within 10 days of
the date of this opinion.

PER CURIAM

Panel consists of Chief Justice Schneider and Justices Nuchia and Radack.

Do not publish. Tex. R. App. P. 47.
1. The motion for new trial was overruled by operation of law on February
26, 2002. See Tex. R. Civ. P. 329b(c). However, a trial court retains plenary power
to grant a new trial for 30 days after the overruling of a motion for new trial. See
Tex. R. Civ. P. 329b(e).